UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION; AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF VIRGINIA; AMERICAN CIVIL LIBERTIES UNION OF NORTH CAROLINA LEGAL FOUNDATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendant*. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Case No. 25-cv-8109 |

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief to compel the disclosure of certain records that are a matter of great public concern. Plaintiffs American Civil Liberties Union Foundation ("ACLU"), American Civil Liberties Union Foundation of Virginia ("ACLU-VA"), and American Civil Liberties Union of North Carolina Legal Foundation ("ACLU-NC") (collectively "Plaintiffs" or "Requestors") seek the immediate processing and timely release of agency records from U.S. Immigration and Customs Enforcement ("ICE" or "Defendant").

2. On May 28, 2025, ICE issued a "Request for Information" ("RFI") to identify possible immigration detention facilities in areas covered by ICE's Washington, D.C. Enforcement and Removal Operations ("ERO") Field Office. This action seeks the timely disclosure of responses to the RFI, as requested by Plaintiffs under FOIA.

1

3.  ICE detains more than 59,000 people each day in its nationwide network of approximately 190 immigration detention facilities.[1] Although ICE owns five detention facilities of its own, it relies on contracts, inter-governmental service agreements, and inter-governmental agreements with private prison companies, and local and state jurisdictions, for the use of prisons, jails, and other detention facilities to hold the majority of people in its custody.[2]

4.  ICE's Request for Information ("RFI") is titled the "Request for Information - Detention Facility Washington Area of Responsibility," with Notice ID number RFI-ICE-2025-MAY-WAS_Detention.[3] On May 28, 2025, ICE posted the RFI on Sam.gov, the federal government's official website for contract opportunities.[4] The RFI sought information regarding "available detention facilities for single adult populations (male and female, 1000 to 1500 beds) to support the Washington Field Office including the Richmond, Chantilly, and Norfolk sub offices."[5] In the accompanying attachment, ICE provided further specifications for the RFI, noting that "ICE is seeking facilities located within a 2-hour surface commute of the Richmond

---

[1] TRAC Immigration, *Immigration Detention Quick Facts*, https://tracreports.org/immigration/quickfacts/detention.html [https://perma.cc/6CVJ-4SXS] (Sept. 21, 2025); ICE, *ICE Detention Statistics*, *ICE Facilities Data, FY 25* (Sept. 25, 2025), https://www.ice.gov/detain/detention-management.

[2] DHS Office of Inspector General, *ICE Does Not Fully Use Contracting Tools to Hold Detention Facility Contractors Accountable for Failing to Meet Performance Standards* 3 (2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf [https://perma.cc/2V5L-22F3].

[3] Exhibit B, Sam.gov, *Request for Information - Detention Facility Washington Area of Responsibility*, https://sam.gov/opp/383f085b12eb4ab4bdb46197a5ab18bb/view [https://perma.cc/YF5D-Q2KT].

[4] *Id.*

[5] *Id.*

International Airport." [6] Responses to the RFI had an original deadline of June 5, 2025, with an updated response date of June 9, 2025, and were to be submitted by email to the mailbox OAQCDRTRACKING@ice.dhs.gov.[7]

5. Plaintiffs ACLU, ACLU-VA, and ACLU-NC are non-profit, non-partisan civil liberties advocacy organizations. Plaintiffs submitted a FOIA request (the "Request") to the Defendant on August 8, 2025, seeking the release of records responsive to the RFI. To date, Defendant has not released any responsive records, notwithstanding the FOIA's requirement that agencies respond to requests within 20 working days.

6. Plaintiffs now ask the Court for injunctive and other relief requiring Defendant to conduct a thorough search for all responsive records and to immediately process and release any responsive records. Plaintiffs appeal Defendant's denial of its request for expedited processing. Plaintiffs seek an order enjoining Defendant from withholding non-exempt, responsive records, and from charging search, review, or duplication fees for the processing of the Request.

## JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–06.

8. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B). Plaintiff ACLU has its principal place of business in this district.

---

[6] Exhibit C, Sam.gov, *Request for Information - Detention Facility Washington Area of Responsibility*, available for download at https://sam.gov/opp/383f085b12eb4ab4bdb46197a5ab18bb/view.

[7] *Id.*

## PARTIES

9.  Plaintiff American Civil Liberties Union Foundation ("ACLU") is a nationwide, non-profit, nonpartisan organization under 26 U.S.C. § 501(c)(3), with its principal place of business in New York City. The ACLU's mission is to maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States. The ACLU is also committed to principles of transparency and accountability in government and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

10. Plaintiff American Civil Liberties Union Foundation of Virginia ("ACLU-VA") is a non-profit, nonpartisan organization under 26 U.S.C. § 501(c)(3). The ACLU-VA is a state affiliate of the ACLU, and its mission is to maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States, with a focus on impacts in the state of Virginia. Like the ACLU, the ACLU-VA is also committed to principles of transparency and accountability in government and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU-VA's work.

11. Plaintiff American Civil Liberties Union of North Carolina Legal Foundation ("ACLU-NC") is a non-profit, nonpartisan organization under 26 U.S.C. § 501(c)(3). The ACLU-

NC, like the ACLU-VA, is a state affiliate of the ACLU, and its mission is to maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States, with a focus on impacts in the state of Virginia. Like the ACLU and ACLU-VA, the ACLU-NC is also committed to principles of transparency and accountability in government and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU-NC's work.

12. Defendant ICE is an agency of the U.S. government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702. ICE has possession, custody, and control of the records that the Plaintiffs seek.

**FACTUAL BACKGROUND**

13. On August 8, 2025, Plaintiffs submitted the Request to Defendant, seeking, for the period from May 28, 2025 to present:

> All documents submitted in response to a Request for Information ("RFI") titled "*Request for Information - Detention Facility Washington Area of Responsibility*," with Notice ID "RFI-ICE-2025-MAY-WAS_Detention," originally issued by U.S. Immigration and Customs Enforcement ("ICE") on May 28, 2025, for available detention facilities in areas covered by the Washington Enforcement and Removal Operations ("ERO") Field Office. *See* Exhibit A, Sam.gov, Request for Information - Detention Facility Washington Area of Responsibility.[8]

The FOIA request also specified that "[t]he custodians to be searched for this Request shall include the individual(s) responsible for the email account at OAQCDRTRACKING@ice.dhs.gov." The FOIA Request is attached as Exhibit A.

---

[8] *See supra* notes 3 and 6.

5

14. Plaintiffs sought a waiver of search, review, and reproduction fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k).

15. Plaintiffs also sought a waiver of search and review fees on the grounds that they qualify as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 6 C.F.R. § 5.11(d)(1).

16. In support of its request of a fee waiver, Plaintiffs noted in the Request that disclosure of the materials is in the public interest, in light of the attention and concern raised by members of Congress, the media, and advocates regarding ICE's plans to expand and establish new immigration facilities. Ex. A. Plaintiffs cited to multiple different Congressional letters,[9]

---

[9] Ex. A at nn.7–11 (citing multiple Congressional letters, including Letter from Jamie Raskin, et al, to DHS Secretary Kristi Noem, June 23, 2025, https://democrats-judiciary.house.gov/sites/evo-subsites/democrats-judiciary.house.gov/files/evo-media-document/2025-06-23-t-noem-letter_to_dhs_re_ice_detention.pdf [https://perma.cc/23YH-3EHB]; Letter from Dick Durbin to DHS Secretary Kristi Noem and DOD Secretary Pete Hegseth, May 1, 2025, https://www.judiciary.senate.gov/imo/media/doc/2025-05-01%20Letter%20to%20DoD%20and%20DHS%20re%20Detention%20Expansion.pdf [https://perma.cc/WX87-C4Q4].

multiple news stories, including from national outlets such as the *New York Times*,[10] and national advocacy letters.[11]

17. Plaintiffs noted that they are 501(c)(3) nonprofit organizations that have no commercial interest, and cited to their work of publishing, analyzing, and disseminating information through their heavily visited websites, which include many features on information obtained through FOIA requests. Ex. A. Plaintiffs also noted their status as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II)–(III). *Id.* at 7. *See also Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989) (finding that an organization that gathers information, exercises editorial discretion in selecting and organizing documents, "devises indices and finding aids," and "distributes the resulting work to the public" is a "representative of the news media" for purposes of the FOIA); *ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding non-profit public interest group to be "primarily engaged in disseminating information").

---

[10] Ex. A at n.12 (citing multiple articles, including Allison McCann, et al, *Trump Administration Aims to Spend $45 Billion to Expand Immigrant Detention*, The New York Times, April 7, 2025, https://www.nytimes.com/2025/04/07/us/politics/trump-administration-immigrant-detention-facilities-services.html; Meg Anderson, *Private Prisons and Local Jails are Ramping Up as ICE Detention Exceeds Capacity*, NPR, June 4, 2025, https://www.npr.org/2025/06/04/nx-s1-5417980/private-prisons-and-local-jails-are-ramping-up-as-ice-detention-exceeds-capacity; Camilo Montoya-Galvez, *ICE Arrests Under Trump Top 100,000 as Officials Expand Aggressive Efforts to Detain Migrants, CBS News*, June 5, 2025, https://www.cbsnews.com/news/ice-arrests-under-trump-100k/).

[11] Letter from 211 Immigrant Rights Organizations to Alejandro Mayorkas, Sec'y. Dep't Homeland Sec., *Pattern of Deteriorating Immigration Detention Conditions Amid Expansion Efforts* (Jul. 11, 2024), https://www.detentionwatchnetwork.org/sites/default/files/NGO%20Letter%20regarding%20ICE%20Detention%20-%20July%202024.pdf [https://perma.cc/MM6M-VPW3].

18. Plaintiffs also sought expedited processing of the Request on the ground that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity, citing to the same sources. *Id.* at 10. *See also* 5 U.S.C. § 552(a)(6)(E); *see also* 6 C.F.R. § 5.5(e).

### Defendant's Response to the Request

19. By email dated August 15, 2025, ICE acknowledged receipt of the Request on August 8, 2025, and assigned it tracking number 2025-ICFO-53752. This email also invoked a 10-day extension of time to respond to the Request, and denied Plaintiffs' request for expedited processing. In addition, ICE noted in its August 15 email that it would "adjudicate this request only if the agency is allowed to assess fees under the FOIA," apparently denying Plaintiffs' request for a fee waiver. This email is attached as Exhibit D to this Complaint.

20. On September 2, 2025, Plaintiffs submitted an administrative appeal of ICE's denial of a fee waiver and for expedited processing. Plaintiffs' administrative appeal is attached as Exhibit E to this Complaint.

21. By email dated September 3, 2025, ICE's Office of the Principal Legal Advisor confirmed receipt of the administrative appeal on September 2, 2025, and assigned it tracking number 2025-ICAP-00434. The email and letter are attached as Exhibit F to this Complaint.

22. By email on September 29, 2025, ICE's Office of the Principal Legal Advisor responded to Plaintiffs' administrative appeal. In its response, ICE denied Plaintiffs' request for expedited processing. ICE further stated that the fee waiver request was not ripe for review and remanded Plaintiffs' appeal to the ICE FOIA Office. The email and letter are attached as Exhibit G to this Complaint.

23. ICE has produced no records or any other response to the Request. To date, ICE has neither released responsive records nor explained its basis for withholding them.

## Statutory Requirements

24. The Freedom of Information Act was enacted to facilitate public access to government documents. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

25. With that purpose in mind, the FOIA statute requires federal agencies like Defendant to disclose records within 20 working days in response to FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i).

26. If there are "unusual circumstances," an agency may extend the time limit to respond by no more than 10 working days. *Id.* § 552(a)(6)(B)(i). To invoke that extension, the agency must provide "written notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.*

27. An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

28. A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. *Id.* § 552(a)(4)(B).

29. FOIA also allows for requesters to ask for expedited processing of their request for records if they can demonstrate a compelling need. *Id*. §552(a)(6)(E)(i). The term "compelling need" applies to requesters who are primarily engaged in disseminating information and possess the urgency to inform the public concerning actual or alleged Federal government activity. *Id* § 552(a)(6)(E)(v)(II).

30. More than 30 working days have passed since Plaintiffs filed the Request. Thus, the statutory time period has elapsed as to ICE. *Id.* § 552(a)(6)(C)(i).

31. Plaintiffs have exhausted all administrative remedies regarding ICE's failure to respond to the Request, because ICE has failed to comply with the extended time limit of 30 working days to respond to the Request under the FOIA.

## CLAIMS FOR RELIEF

32. The failure of Defendant to make a reasonable effort to search for records responsive to the Request violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

33. The failure of Defendant to promptly make available the records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3), (a)(6)(A), and Defendants' corresponding regulations.

34. The failure of Defendant to process Plaintiffs' Request expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

35. Defendant's withholding of non-exempt agency records subject to the Request violates the FOIA, 5 U.S.C. § 552, and Defendant's corresponding regulations.

**REQUESTED RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a) Declare that Defendant's failure to respond and produce the requested records is unlawful;

b) Order Defendant to conduct a full, adequate, and expedited search for all responsive records;

c) Order Defendant to immediately process and release any responsive records;

d) Declare that the requested records are not exempt from disclosure under the Freedom of Information Act;

e) Enjoin Defendant from withholding non-exempt, responsive records;

f) Award Plaintiffs costs and reasonable attorneys' fees incurred in this action; and

g) Grant such other relief as the Court deems just and proper.

Respectfully submitted this October 1, 2025.

Eunice H. Cho*
Elisa Epstein*
American Civil Liberties Union Foundation
National Prison Project
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Phone: (202) 548-6616
echo@aclu.org
eepstein@aclu.org

Michele Delgado*
American Civil Liberties Union
of North Carolina Legal Foundation
PO Box 28004
Raleigh, NC 27611
Phone: (919) 256-5891
mdelgado@acluofnc.org

/s/ Judy Rabinovitz
Judy Rabinovitz
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 19th Floor
New York, New York 10004
Phone: (212) 549-2500
jrabinovitz@aclu.org

Sophia Leticia Gregg*
American Civil Liberties Union Foundation
of Virginia
P.O. Box 26464
Richmond, VA 23261
Phone: (804) 774-8242
sgregg@acluva.org

*Counsel for Plaintiffs*
**pro hac vice* applications forthcoming*